# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| CARMELA CHOMA, | : |
| Plaintiff, | : |
| v. | : C.A. No. 14-57-LPS |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this **8th** day of **August, 2014**:

Having reviewed the parties' filings related to Defendant Nationwide Mutual Fire Insurance Company's ("Nationwide") Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (D.I. 3; *see also, e.g.*, D.I. 4, 5),

**IT IS HEREBY ORDERED**, for the reasons stated below, that Defendant's motion (D.I. 3) is **DENIED**.

1. Plaintiff Carmella Choma's ("Choma" or "Plaintiff") complaint contains claims for breach of contract, a declaratory judgment, and bad faith denial of her insurance claim. (D.I. 1-1)[1] Choma's claims all arise from Nationwide's denial of coverage for damages sustained by the basement wall of her home on August 27, 2011 during Hurricane Irene. (D.I. 1-1 ¶¶ 6-7, 10)

---

[1] Plaintiff originally filed her complaint in the Delaware Superior Court. Defendant removed the case to this Court.

1

2. Nationwide's motion asserts that Plaintiff has failed to state a claim for bad faith breach of contract. (D.I. 3 at 2) Nationwide contends that Plaintiff has failed to allege any facts demonstrating that Nationwide denied payment without reasonable justification, and has merely pled: (1) that her home was damaged in a hurricane, (2) that she believed the damage was covered in the contract, and (3) in a "conclusory" manner, that Nationwide's explanation for denying coverage "defie[d] common sense and logic." (*Id.* at 2-4)

3. Plaintiff argues that the complaint's assertion that "Nationwide lacks reasonable justification in delaying or refusing payment of the Claim" sufficiently pleads bad faith. (D.I. 4 at 3-4) In the alternative, Plaintiff requests that she be permitted under Rule 15(a) to amend her complaint. (D.I. 4 at 4-5)

4. When reviewing a motion to dismiss for failure to state a claim on which relief may be granted, the Court must accept as true all material allegations of the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

5. Under Delaware law, a bad faith insurance claim "sounds in contract and arises from the implied covenant of good faith and fair dealing." *Dunlap v. State Farm Fire & Cas.*

2

*Co.*, 878 A.2d 434, 440 (Del. 2005). A bad faith breach of insurance claim requires the insurer to have failed "to investigate or process a claim" or instead to have "delay[ed] payment in bad faith." *Tackett v. State Farm Fire & Cas. Co.*, 653 A.2d 254, 264 (Del. 1995). Accordingly, the insured must allege (and eventually prove) that the insurer's denial of benefits was "clearly without any, reasonable justification." *Id.*

5. Viewing the allegations of the complaint in the light most favorable to Plaintiff, the Court concludes that Plaintiff has pled sufficient facts to plausibly state a bad faith breach of contract claim. Plaintiff has pled the existence of an insurance contract, an insurance claim, and Nationwide's denial of that claim. Plaintiff has further alleged that Nationwide lacked reasonable justification in delaying or refusing her claim. (D.I. 1-1 ¶ 32) She has also alleged that Nationwide's explanation for denying her coverage "defies common sense and logic." (*Id.* ¶ 15) She adds that in the first letter denying her claim, Nationwide failed even to acknowledge that certain damage from hurricanes is indisputably covered under her policy. (*Id.* ¶ 4 (quoting "Hurricane Coverage" provision of policy), ¶ 11 ("The First Denial Letter, however, failed to reference the Policy's hurricane coverage provisions. In fact, the First Denial Letter never mentioned the word 'hurricane' at all."); Ex. B (attaching First Denial Letter)) Nationwide argues that "nothing about the failure to reproduce the policy provision in a letter (or the decision to include it [for instance, in the later Second Denial Letter] for that matter) suggests a contractual breach, much less bad faith." (D.I. 3 at 4) Of course, Nationwide may be able to prove that the omission from the initial denial letter was inadvertent, innocent, or due to some reason other than bad faith, but in the present posture the Court concludes that it is at least

3

plausible that the omission was deliberate and intended, in some way, to help Nationwide avoid paying a claim it knew was covered.

6. At bottom, Plaintiff alleges that there was a major hurricane, it rendered her house uninhabitable, she had an insurance policy that included certain hurricane coverage, yet her claim was denied by Defendant without even a reference to the fact that she had certain hurricane coverage, and that when Defendant eventually provided its interpretation of the policy's hurricane coverage that interpretation "defie[d] common sense and logic." (*Id.* ¶¶ 3-15) While discovery and further litigation over the proper interpretation of the policy may ultimately result in a finding that Nationwide had at least a reasonable justification for its denial decision (and, indeed, Nationwide may ultimately prevail on the breach of contract claim), the Court cannot at this stage say that Plaintiff's allegations are insufficient to state a claim for bad faith breach of contract. Instead, these allegations are, in the circumstances of this case, sufficient to state a plausible claim for bad faith breach of contract. *See Coleman Dupont Homsey v. Vigilant Ins. Co.*, 496 F. Supp. 2d 433, 436-38 (D. Del. 2007) (denying defendant's motion to dismiss plaintiff's claim for bad faith denial of insurance claim where plaintiff alleged that contract construction advocated by defendant to support its actions was unreasonable).

UNITED STATES DISTRICT JUDGE